UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEAURDREA LINIKA
FRANCZAK,

    Plaintiff,

v.                                                      Case No. 8:25-cv-1226-TPB-CPT

I.C. SYSTEM, INC., et al.,

    Defendants.
_____/

**<u>ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE</u>**

This matter is before the Court on "Defendant Torres Credit Services, Inc.'s Motion to Dismiss or in the Alterative Motion to Transfer Venue and Memorandum of Law," filed on July 16, 2025. (Doc. 17).  On July 17, 2025, Plaintiff Deaurdrea Linika Franczak filed a *pro se* response in opposition. (Doc. 18). After reviewing the motion, response, court file, and the record, the Court finds as follows:

This case arises from purported debt collection activities on behalf of PPL Electric Utilities Corporation ("PPL"). According to Plaintiff, her debt arose from utility services provided by PPL in Pennsylvania, while she resided in the state of Pennsylvania. She suggests that her debt is inaccurate and/or illegitimate as a result of an investigation conducted by the Pennsylvania Public Utility Commission ("PUC").[1] She also alleges that Defendant Torres Credit Services, Inc. did not mail a debt validation notice of verify the debt. Plaintiff brings claims for violations of

---

[1] The Court notes that the decision on Plaintiff's informal complaint by the Public Utility Commission concluded that the billing issued was correct, and Plaintiff's complaint was dismissed. *See* (Doc. 17-2).

the Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act ("FDCPA").

***Venue Generally***

A plaintiff may bring a civil action in "(1) a judicial district in which any defendant resides . . . [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated . . ." 28 U.S.C. § 1391(b).

Neither Torres Credit Services, Inc. nor I.C. System, Inc. are residents of the Middle District of Florida. Specifically, Torres is a Pennsylvania corporation, with its principal place of business in Carlisle, Pennsylvania. I.C. System, Inc. is a Minnesota corporation that is also registered to conduct business in Pennsylvania. Because no defendant resides in the Middle District of Florida, venue is not proper here under (b)(1).

The Court must then consider whether venue may be proper under (b)(2). In her complaint, Plaintiff asserts that venue is proper in the Middle District of Florida because "a substantial part of the events giving rise to the claims occurred here, and Plaintiff resides in Hillsborough County, Florida." But the factual allegations do not support her conclusion. Plaintiff's debt arose in Pennsylvania. PPL – the owner of the debt – is located in Pennsylvania. Plaintiff lived in Pennsylvania at the time the debt accrued, even if she has since moved to Florida.[2] Defendants attempted to collect the debt or reported the debt in Pennsylvania –

---

[2] In her response, Plaintiff explains that she relocated to Florida in September 2023, changed important documents to reflect an address change in February 2024, and entered into a residential lease in Florida in September 2024.

Torres did not send Plaintiff any debt collection communications in Florida, and Plaintiff has failed to specifically allege any debt collection activities or credit reporting activities by either Defendant that occurred within the Middle District of Florida.[3] Based on these facts, it cannot be said that a "substantial part of the events or omissions giving rise to the claim occurred" in the Middle District of Florida.

*Forum Non Conveniens*

Even if Florida were a proper venue for this dispute, Torres argues that the interest of justice and convenience support transfer of venue to the Middle District of Pennsylvania. Courts engage in a two-step inquiry to determine whether transfer would be appropriate under 28 U.S.C. § 1404(a). *Healthe, Inc. v. High Energy Ozone LLC*, 533 F. Supp. 3d 1120, 1126 (M.D. Fla. 2021). The first step requires the court to look at whether the action could have been brought in the transferee court. *Id.* Because Torres is a resident of the Middle District of Pennsylvania, this case could have been brought in that district. *See* 28 U.S.C. § 1391(b)(1). And as the Court explained above, a substantial portion of the events occurred in Pennsylvania, making the Middle District of Pennsylvania an appropriate venue.

In the second step, the court considers "whether convenience and the interest of justice require transfer." *Id.* (internal quotation omitted). The Eleventh Circuit has set out factors to consider, including: "(1) the convenience of the witnesses; (2)

---

[3] In fact, Torres sent its debt notice to Plaintiff at her last known address in Trexlertown, Pennsylvania.

the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). The moving party bears the burden of establishing that transfer is proper. *See Healthe, Inc.*, 533 F. Supp. 3d at 1127.

Most of these factors are neutral at best. The Court specifically notes that Plaintiff is accorded weight to her choice of forum. However, most other factors that are not neutral favor Torres. For instance, as to the convenience of the witnesses, Torres anticipates calling witnesses from PPL and PUC to testify regarding the debt and collection efforts, and these witnesses would be located in Pennsylvania. In addition, relevant documents from PPL and PUC are stored in Pennsylvania. The convenience of the parties probably weighs slightly in favor of Torres because Plaintiff is the only party with a connection to Florida, while both Defendants either reside in or conduct substantial business in Pennsylvania. The locus of operative facts weighs more substantially in favor of a Pennsylvania forum, for the reasons discussed above. Overall, considering each of the factors, the Middle District of Pennsylvania is the most appropriate forum for this dispute. Convenience and the interests of justice require transfer.

The Court finds that Torres is not entitled to reasonable attorney's fees and costs.

## Conclusion

For these reasons, and in the interest of justice, the Court concludes that this case should be transferred to the Middle District of Pennsylvania. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant Torres Credit Services, Inc.'s Motion to Dismiss or in the Alterative Motion to Transfer Venue and Memorandum of Law" (Doc. 17) is **GRANTED** to the extent that this case will be transferred.

2. The motion is otherwise **DENIED**.

3. The Clerk is directed to transfer this case to the Middle District of Pennsylvania.

4. Following transfer, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>30th</u> day of July, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE